IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00223-BNB

RUSSELL M. BOLES,

     Plaintiff,

v.

DEVIN NEWTH,
CHRISTIANS,
M. PECK,
ABNEY,
J. LONG,
C. L. HUMPHREY, and
KEVIN MILYARD,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 24 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Russell M. Boles, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Sterling, Colorado,

correctional facility. Mr. Boles filed *pro se* a Prisoner Complaint pursuant to 28 U.S.C.

§ 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915. He asks for money damages and injunctive relief. In addition, Mr.

Boles filed a nine-page affidavit supplementing his claims and a motion titled "Motion to

Append Supporting Documents to the Complaint." The motion to append will be

granted.

Mr. Boles has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915 without payment of an initial partial filing fee. The Court must construe

liberally Mr. Boles' complaint and additional filings because he is not represented by an

attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Boles will be ordered to file an amended complaint.

The Court has reviewed Mr. Boles' complaint, affidavit, and exhibits attached to the motion to append, and finds that the complaint, as supplemented, fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

By supplementing his complaint with a separate affidavit and exhibits the relevance of which he "hope[s] to be given opportunity to argue," *see* motion to append at 1, Mr. Boles fails to set forth a short and plain statement of his claims showing that he is entitled to relief.

Mr. Boles will be directed to file an amended complaint asserting all of the claims he seeks to assert against all the defendants he plans to sue. Mr. Boles will not be allowed to supplement the amended complaint with letters, motions, or any other unexplained exhibits that amend his claims. Mr. Boles is reminded that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Furthermore, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Boles must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Mr.

Boles should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that the motion titled "Motion to Append Supporting Documents to the Complaint" filed by Plaintiff, Russell M. Boles, is granted. It is

FURTHER ORDERED that Mr. Boles file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Boles, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Boles fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion for service of process by U.S. Marshal that Mr. Boles filed with the Court on February 19, 2009, is denied as premature.

DATED February 24, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00223-BNB

Russell M. Boles
Prisoner No. 90379
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 2/24/09

GREGORY C. LANGHAM, CLERK

By:_____
             Deputy Clerk