IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-00223-REB-MJW

RUSSELL M. BOLES,

    Plaintiff,

v.

DEVIN NEWTH,
CHRISTIANS,
M. PECK,
ABNEY,
J. LONG,
C.L. HUMPHREY, and
KEVIN MILYARD,

    Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation on Defendants' Combined Motion To Dismiss and Memorandum Brief in Support of Motion To Dismiss (Docket No. 21)** [#39] filed November 13, 2009; and (2) plaintiff's **Objections to Magistrate's Recommendations** [#46] filed March 15, 2010. I overrule the objections, adopt the recommendation, and grant defendants' motion to dismiss in part and deny it in part in accordance with the magistrate judge's recommendation..

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw. Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less

stringent standard than formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  The recommendation is detailed and well-reasoned.  Contrastingly, plaintiff's objections are imponderous and without merit.

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.[1]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on Defendants' Combined Motion To Dismiss and Memorandum Brief in Support of Motion To Dismiss (Docket No. 21)** [#39] filed November 13, 2009, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in plaintiff's **Objections to Magistrate's Recommendations** [#46], filed March 15, 2010, are **OVERRULED**;

3. That **Defendants** (sic) **Combined Motion To Dismiss and Memorandum Brief in Support of Motion To Dismiss** [#21] filed June 22, 2009, is **GRANTED IN**

---

[1] The magistrate judge recommended that defendants' motion as to Claim Three as against defendant Humphrey be granted, *inter alia*, because the prison grievance procedure offered an adequate post-deprivation remedy.  (*See* **Recommendation** at 13.)  This conclusion does not square with the recommendation that the motion be denied as to Claim Two insofar as plaintiff alleges that defendant Humphrey denied him access to the prison grievance procedures.  (*See id.* at 10-11.)  Nevertheless, as the magistrate judge also noted, Colorado state law provides adequate post-deprivation remedies.  (*Id.* at 13 (citing § 24-10-118, C.R.S.).)  *See also Ali v. Reeves*, 2007 WL 1219424 at *2 (10th Cir. April 26, 2007) (noting that § 24-10-118 provides an adequate post-deprivation remedy as against individual employees of the Colorado Department of Corrections).  It is on that basis that I approve and adopt the magistrate judge's recommendation that Claim Three be dismissed insofar as it implicates defendant Humphrey.

**PART** and **DENIED IN PART** as follows:

    a. That the motion is **DENIED** with respect to Claim Two, alleging denial of access to the courts, insofar as plaintiff alleges that defendant Humphrey has denied plaintiff access to prison grievance procedures;

    b. That the motion is **DENIED** also with respect to plaintiff's claim that defendants Newth, Peck, and Abney have retaliated against plaintiff by damaging certain of his belongings, including legal materials; and

    c. That in all other respects, the motion is **GRANTED**;

4. That the following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state claims on which relief may be granted:

    a. All claims for monetary and declaratory relief against all defendants in their official capacities;

    b. All claims against defendant, Kevin Milyard;

    c. Claim One, alleging denial of medical treatment, and Claim Three, alleging wrongful confiscation and destruction of property, in their entirety;

    d. Claim Two, alleging denial of access to the courts, except insofar as plaintiff has alleged that defendant Humphrey has denied plaintiff access to prison grievance procedures;

    e. Plaintiff's claims for retaliation as against defendants, Long, Humphrey, and Christians; and

   f. Plaintiff's claim that defendant, Abney, has violated his rights under the First Amendment and/or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc; and

  5. That defendants, Kevin Milyard, Christians, and Long, J., are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly.

  Dated March 17, 2010, at Denver, Colorado.

              **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge