**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-00223-REB-MJW

RUSSELL M. BOLES,

      Plaintiff,
v.

DEVIN NEWTH,
M. PECK,
ABNEY, and
C.L. HUMPHREY,

      Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the magistrate judge's **Amended Recommendation on Plaintiff's Motion for Court To Revisit the Complaint (Docket No. 82), Plaintiff's Motion for Defendants To Be Held Personally Accountable for Judgment When it Is Rendered in the Plaintiff's Favor (Docket No. 83) and Defendants' Motion for Summary Judgment (Docket No. 85)** [#95][1] filed October 4, 2011; and (2) plaintiff's **Objection to Recommendations of the Magistrate** [#96] filed October 11, 2011. I overrule the objection, adopt the recommendation, and dismiss plaintiff's remaining claims in this lawsuit.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the

---

[1] "[#95]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The recommendation is detailed and well-reasoned.  Contrastingly, plaintiff's objections are imponderous and without merit.[2]  Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Amended Recommendation on Plaintiff's**

---

[2] In particular, I note that nothing in plaintiff's **Motion for Court To Revisit the Complaint** [#82], filed July 12, 2011, warrants the relief therein requested.  The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  Although plaintiff claims he is now able to quantify his damages, nothing in his motion suggests that the substantive facts underlying his previously dismissed claims were not available to him when he originally filed his complaint.  Plaintiff's belated attempt to inject them into the case provides no proper basis to reconsider the previous order of dismissal.

**Motion for Court To Revisit the Complaint (Docket No. 82), Plaintiff's Motion for Defendants To Be Held Personally Accountable for Judgment When it Is Rendered in the Plaintiff's Favor (Docket No. 83) and Defendants' Motion for Summary Judgment (Docket No. 85)** [#95] filed October 4, 2011, is **APPROVED AND ADOPTED** as an order of this court;

    2. That the objections stated by plaintiff in the **Objection to Recommendations of the Magistrate** [#96] filed October 11, 2011, are **OVERRULED**;

    3. That plaintiff's **Motion for Court To Revisit the Complaint** [#82] filed July 12, 2011, is **DENIED**;

    4. That **Defendants' Motion for Summary Judgment** [#85] filed July 15, 2011, is **GRANTED**;

    5. That plaintiff's **Motion for Defendants To Be Held Personally Accountable for Judgment When it is Rendered in the Plaintiff's Favor** [#83] filed July 12, 2011, is **DENIED AS MOOT**;

    6. That plaintiff's remaining claims in this lawsuit are **DISMISSED WITH PREJUDICE**;

    7. That judgment **SHALL ENTER** as follows:

    a. in favor of defendants, Devin Newth, Melissa Peck (identified in the caption as "M. Peck"), Michelle Abney (identified in the caption as "Abney"), against plaintiff, Russell M. Boles, on plaintiff's claim that defendants retaliated against plaintiff for exercise of his constitutional rights by damaging his personal property; provided, that the judgment on this claim **SHALL BE** with prejudice;

  b.  in favor of defendant, Chester Humphrey (identified in the caption as "Humphrey, C.L."), against plaintiff, Russell M. Boles, as to plaintiff's Claim Two, alleging denial of access to the courts; provided, that the judgment on this claim **SHALL BE** with prejudice; and

  c.  in accordance with my **Order Overruling Objections to and Adopting Recommendation of the United States Magistrate Judge** ¶ 4 at 3-4 [#47] filed March 17, 2010; provided, that the judgment on the claims resolved by this order **SHALL BE** without prejudice;

 8.  That the Trial Preparation Conference, currently scheduled for Friday, October 21, 2011, at 2:00 p.m., as well as the trial, currently scheduled to commence on Monday, November 7, 2011, are **VACATED**; and

 9.  That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

 Dated October 12, 2011, at Denver, Colorado.

              **BY THE COURT:**

              Robert E. Blackburn
              United States District Judge