**FILED**
**United States Court of Appeals**
**Tenth Circuit**

### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

_____

In re: RUSSELL MARSHALL BOLES,

    Petitioner.

No. 16-1015
(D.C. No. 1:09-CV-00223-REB-MJW)
(D. Colo.)

_____

### ORDER
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Russell Marshall Boles, a former state prisoner appearing pro se, moves for authorization to file a second or successive 28 U.S.C. § 2254 habeas application. We deny authorization.

In 1995, Mr. Boles was convicted of several Colorado crimes. His first § 2254 application was filed in 1999. The district court denied the petition and this court denied a certificate of appealability and dismissed his appeal. Mr. Boles is no longer in custody on the 1995 charges. He has, however, recently been arrested and charged in Jefferson County, Colorado, with one or more criminal offenses and is being detained there.

Mr. Boles cannot proceed in the district court without first being authorized by this court. *See* 28 U.S.C. § 2244(b)(3)(A). In his motion for authorization, Mr. Boles seeks to have his 1995 convictions overturned on the grounds "of what appear [to be] violations of due process and equal protection clauses, as well as undue[] restricti[ons] [on his] Freedom." Proposed § 2254 App. at 7. He argues that his 1995 convictions are

"preventing him from bail on the current case and . . . will exacerbate the sentence on the current case if convicted." Mot. for Auth. at 1.

Mr. Boles can proceed with his claims only if he makes a prima facie showing that they rely on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or new facts that "could not have been discovered previously through the exercise of due diligence" and that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A), (b)(2)(B)(i)-(ii). Because his claims rely on neither a new rule of constitutional law nor new facts, he cannot bring them.

In any event, Mr. Boles does not satisfy the "in custody" requirement of 28 U.S.C. § 2241(c)(3), and the district court would lack jurisdiction to consider habeas relief arising from the 1995 convictions. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam) (holding that "a habeas petitioner [does not] remain[] 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted").

The motion for authorization is denied. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of

certiorari." 28 U.S.C. § 2244(b)(3)(E). His motion to proceed in forma pauperis is denied as unnecessary.

        Entered for the Court

        ELISABETH A. SHUMAKER, Clerk